UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALVARO SUAREZ,

                Plaintiff,

        v.

NABIEL RIMAWI *and* COLONIAL FUEL &
FOOD, INC.,

                Defendants.

No. 16-CV-1198 (KMK)

ORDER APPROVING SETTLEMENT

---

KENNETH M. KARAS, United States District Judge:

On February 16, 2016, Alvaro Suarez ("Plaintiff") brought this Action against Nabiel Rimawi ("Rimawi") and Colonial Fuel & Food Inc. ("Colonial Fuel") (collectively, "Defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York law, alleging that Defendants "fail[ed] to pay Plaintiff overtime wages for all hours worked in excess of [40] hours per week" at Plaintiff's job as a manual laborer at a gas station and convenience store in White Plains, New York. (Compl. ¶¶ 29, 37 (Dkt. No. 1).) On September 14, 2016, the Parties jointly moved for approval of their proposed settlement. (*See* Proposed Settlement (Dkt. No. 8).) On October 5, 2016, the Court denied the Proposed Settlement because Defendant Colonial Fuel was improperly proceeding pro se, because the Parties failed to explain how any attorney's fees were calculated, and because the Parties failed to offer any information regarding "the potential exposure of Defendants, the negotiation process, the basis of the estimate[s] of Plaintiff's maximum possible recovery, or the probability of Plaintiff's success on the merits." (2016 Order 6 (citation omitted) (Dkt. No. 9).) Plaintiff then filed papers supplementing information about attorney's fees and the process of settlement,

but the Court still denied the Proposed Settlement because Colonial Fuel was still appearing pro se at the time and, as a corporation, under Second Circuit law, corporate defendants may not represent themselves in a legal action. (*See* 2017 Order 2 (Dkt. No. 11).) Now, Colonial Fuel is represented by counsel, (*see* Notice of Appearance (Dkt. No. 12)), and the Court may review the supplemental submissions to confirm the Proposed Settlement's fairness. For the reasons that follow, the Proposed Settlement is approved.

## I. Discussion

The Second Circuit has held that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (quotation marks omitted). Consequently, "the [P]arties must satisfy the Court that their agreement is 'fair and reasonable.'" *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15-CV-112, 2015 WL 7736551, at *1 (S.D.N.Y. Nov. 30, 2015) (citation omitted).

When assessing a proposed settlement for fairness, there is generally "a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the [P]arties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (quotation marks omitted); *see also Matheis v. NYPS, LLC*, No. 13-CV-6682, 2016 WL 519089, at *1 (S.D.N.Y. Feb. 4, 2016) (same); *Souza v. 65 St. Marks Bistro*, No. 15-CV-327, 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (same); *Martinez v. Hilton Hotels Corp.*, No. 10-CV-7688, 2013 WL 4427917, at *1 (S.D.N.Y. Aug. 20, 2013) (same). As a number of courts have recognized, although a court should consider the totality of the circumstances, the most significant factors include:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quotation marks omitted); *see also Zamora v. One Fifty Fifty Seven Corp.*, No. 14-CV-8043, 2016 WL 1366653, at *1 (S.D.N.Y. Apr. 1, 2016) (same); *Garcia v. Jambox, Inc.*, No. 14-CV-3504, 2015 WL 2359502, at *2 (S.D.N.Y. Apr. 27, 2015) (same). Conversely, factors which weigh against finding a settlement fair and reasonable include:

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Wolinsky*, 900 F. Supp. 2d at 336 (quotation marks omitted); *see also Villalva-Estrada v. SXB Rest. Corp.*, No. 14-CV-10011, 2016 WL 1275663, at *2 (S.D.N.Y. Mar. 31, 2016) (same); *Garcia*, 2015 WL 2359502, at *2 (same); *Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592, 2014 WL 6985633, at *2 (S.D.N.Y. Dec. 11, 2014) (same). Making this determination "is thus an information intensive undertaking," *Camacho*, 2014 WL 6985633, at *2, and "the [P]arties must provide the [C]ourt with enough information to evaluate the bona fides of the dispute," *Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187, 2015 WL 7871036, at *1 (S.D.N.Y. Dec. 3, 2015) (quotation marks omitted). To this end, courts require information surrounding "the nature of [the] plaintiffs' claims, . . . the litigation and negotiation process, the employers' potential exposure . . . to [the] plaintiffs . . . , the bases of estimates of [the] plaintiffs' maximum possible recovery, the probability of [the] plaintiffs' success on the merits, and evidence supporting any

requested fee award." *Id.* (first alteration in original) (quotation marks omitted) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015)).

Having reviewed the Proposed Settlement, the Court is satisfied that it was negotiated in good faith at arms' length and that there was no fraud or collusion. The Court is also satisfied, based on the Parties' representations, that the settlement will allow the Parties to avoid the anticipated burdens and risks of litigation. Additionally, the Court finds that the settlement sum is fair, reasonable, and adequate. The gross settlement amount in this action is $16,000, and the settlement sum Plaintiff will receive is $15,500.00. (*See* Suppl. Tully Ltr. 4 (Dkt. No. 10).) Plaintiff initially sought $56,515.70 in unpaid wages, but, upon initiating settlement discussions, the Parties discovered that Defendants had actually issued Plaintiff several "weekly payment[s]" that were intended to compensate Plaintiff for his overtime wages. (*Id.* at 2.) Plaintiff disputed that the weekly payments fully compensated him for his overtime wages, but reduced his demand to $35,000. (*Id.* at 3.) Following further negotiations, the Parties agreed to a total settlement amount of $16,000. (*Id.* at 2–3.) Plaintiff's counsel waived attorney's fees, keeping only $500 in disbursements for filing costs, and Plaintiff ultimately received $15,500, (*id.* at 3), which constitutes 28% of his initial demand and over 50% of his secondary demand, once the Parties had discussed the significance of Defendant's additional weekly payments. This amount is comparable to or above what courts have approved as fair and reasonable. *See, e.g., Garcia v. Cloister Apt. Corp.*, No. 16-CV-5542, 2019 WL 1382298, at *2 (S.D.N.Y. Mar. 27, 2019) ("[The] plaintiffs' net settlement . . . represents more than 28% of their total alleged damages . . . . This percentage is reasonable, especially given plaintiffs' potential obstacles to recovery."); *Felix v. Breakroom Burgers & Tacos*, No. 15-CV-3531, 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016) (approving settlement amount of less than 25% of the maximum possible

4

recovery); *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016) (finding settlement sum fair "in light of the legal and evidentiary challenges that would face the plaintiffs in the absence of a settlement"); *Beckert v. Ronirubinov*, No. 15-CV-1951, 2015 WL 8773460, at *6 (S.D.N.Y. Dec. 14, 2015) (net settlement of 25% of FLSA plaintiff's maximum recovery is reasonable).

Further, the Court finds the Proposed Settlement's release provision (the "Release Provision") to be appropriately "limited to the claims at issue in this [a]ction." *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015). The Release Provision states in relevant part:

> Any and all of the claims for damages by plaintiff which are the subject of this action or otherwise arise out of any of the incidents alleged in the complaint are hereby settled, as against the named defendants, for the sum of SIXTEEN THOUSAND and 00/100 . . . Dollars in full satisfaction of all claims for damages, costs, disbursements, and legal fees.

(Proposed Settlement 2.) This provision is limited to the wage-and-hour claims at issue in this case and, accordingly, is valid. *See Redwood v. Cassway Contracting Corp.*, No. 16-CV-3502, 2017 WL 4764486 at *3 (S.D.N.Y. Oct. 18, 2017) (release of defendants "from any and all wage and hour and/or notice claims" that could have been brought permissible "because it is limited to claims relating to wage and hour issues").

Finally, Plaintiff's counsel has submitted records documenting that attorney's fees were waived — a plainly admirable gesture — and that counsel only retained $500 in disbursements. (*See* Suppl. Tully Ltr. 4; *see also id.* Exs. I, L (Dkt. Nos. 10-10, 10-12).) Since courts in the Second Circuit "typically approve attorneys' fees that range between 30 and 33 1/3 %," *Shavis v. Pay-O-Matic Check Cashing Corp.*, No. 19-CV-484, 2019 WL 4919782, at *4 (E.D.N.Y. Aug. 22, 2019) (citation and quotation marks omitted), waiving attorney's fees and only retaining $500 for disbursements was clearly a fair and reasonable outcome for Plaintiff. Accordingly,

because the Supplemental Tully Letter has provided the Court with the information necessary to approve the Proposed Settlement and because Defendant Colonial Fuel has since retained counsel, the Parties have satisfactorily addressed the Court's previous concerns, and the Court may now approve the Proposed Settlement.

## II. Conclusion

For the foregoing reasons, the Proposed Settlement is approved. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: March 9, 2020
       White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE